UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| APPALACHIAN VOICES *et al.*,<br>Plaintiff,<br><br>v.<br><br>TENNESSEE VALLEY AUTHORITY,<br>Defendant. | No. 3:23-cv-00604<br>District Judge Richardson<br>Magistrate Judge Holmes |

## SCHEDULING ORDER

A scheduling conference was held on September 12, 2023.[1] Counsel participating were: Gregory Buppert, Trey Bussey, and Diedre Dlugoleski for Plaintiffs and David Ayliffe, Lane McCarty, and Regina Koho for Defendant. From the parties' proposed scheduling order (Docket No. 18), the following schedule and scheduling provisions are adopted:

Because this is an action for judicial review on an administrative record ("AR") under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, it is exempt from the initial disclosure and discovery planning requirements under the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26(a)(1)(B), (f), and is exempt from the case management requirements of Local Rule 16.01.\A.

A.    **JURISDICTION:** Jurisdiction is asserted under 28 U.S.C. § 1331.

B.    **BRIEF THEORIES OF THE PARTIES:**

**PLAINTIFFS:**

Plaintiffs Appalachian Voices, the Center for Biological Diversity, and Sierra Club (collectively, "Conservation Groups") challenge a decision by Defendant Tennessee Valley

---

[1] Because this action is for review of an administrative decision of TVA under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706., it is exempt from a mandatory initial case management conference and case management under Local Rule 16.01(b) and (c). Nevertheless, the Court finds utility in including some of the provisions used for mandatory case management.

Authority ("TVA") to build a new gas-fired power plant in Middle Tennessee without fairly evaluating the significant impacts its decision would have on the climate, the environment, and power customers and without fairly evaluating reasonable alternatives. Conservation Groups assert that these failures violate the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq. In May 2021, TVA proposed to retire the Cumberland Fossil Plant, a 50-year-old coal plant in Cumberland City, Tennessee. TVA proposed to replace the Cumberland coal plant with generation from three alternatives: (A) a combined-cycle gas plant ("Cumberland Gas Plant") in Cumberland City, requiring a 32-mile gas pipeline; (B) multiple smaller combustion-turbine gas plants on other TVA properties; or (C) a combination of solar facilities paired with battery-storage facilities primarily in Middle Tennessee. In August 2021, months before releasing its draft environmental impact statement ("EIS"), TVA signed a contract with Tennessee Gas Pipeline Company to supply all the gas the Cumberland Gas Plant would need. Conservation Groups assert that TVA violated NEPA by unlawfully pre-committing to the Cumberland Gas Plant before completing the required NEPA review. In December 2022, TVA published a final EIS, purporting to evaluate the proposal's impacts and alternatives. But TVA failed to fairly evaluate the Cumberland Gas Plant's climate impacts, carbon-free alternatives, and the impacts of the required pipeline. TVA also unreasonably ignored the costs of mitigating greenhouse gas emissions and the financial benefits of Inflation Reduction Act incentives for clean energy. Shortly after TVA published the final EIS, Winter Storm Elliott led to widespread failures of TVA's coal and gas plants, triggering rolling blackouts. Conservation Groups requested that TVA supplement the final EIS based on the new information and circumstances Winter Storm Elliott revealed, including the vulnerability of gas infrastructure to extreme weather and the resiliency of certain carbon-free resources. Without evaluating the new information and circumstances, TVA's Chief Executive

Officer issued a Record of Decision in January 2023. Conservation Groups allege that these failures violate NEPA and that they render TVA's final EIS and Record of Decision arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, 5 U.S.C. § 706(2).

**DEFENDANT:**

TVA's decision to retire and demolish the two coal-fired units at Cumberland Fossil Plant ("CUF"), Unit 1 by 2026 and Unit 2 by 2028, and to construct and operate a combined-cycle natural gas plant will decrease greenhouse gas ("GHGs") emissions, continuing the long-term downward trend in such emissions from TVA's generation fleet that has already resulted in a 63% decrease in emissions since 2005. The new gas plant will lower emissions from CUF and provide 1,450 megawatts ("MWs") of firm, dispatchable power to replace the generation lost from the retirement of Unit 1. TVA fully complied with the requirements of NEPA and the APA by supporting its decision with the *Cumberland Fossil Plant Retirement Final Environmental Impact Statement* ("Final EIS") analyzing the potential environmental impacts of retiring CUF Units 1 and 2 and constructing and operating a combined-cycle gas plant at the Cumberland site and the associated gas pipeline. As a result of its environmental review, TVA determined that the combined-cycle gas plant was the best overall solution because (1) it provides flexible and reliable generation that can supply 1,450 MWs of firm, dispatchable power by the time Unit 1 is retired; (2) it aligns with TVA's phased 2035 coal fleet retirement plan; and (3) it enhances system flexibility, allowing TVA to reliably integrate 10,000 MWs of renewables and distributed generation resources by 2035 while also significantly reducing carbon emissions. In January 2023, TVA issued its Record of Decision ("ROD") adopting the Preferred Alternative in the Final EIS for the combined-cycle natural gas plant as replacement generation for CUF Unit 1, which is the final agency action at issue in this case. 88 Fed. Reg. 3767 (Jan. 20, 2023). Plaintiffs challenge

TVA's decision. TVA maintains that the Final EIS adequately considered the potential impacts that the CUF retirement and replacement generation could have on all relevant, potentially affected parts of the environment, including those that could be affected by the associated pipeline in compliance with NEPA. Therefore, the Court should reject Plaintiffs' Complaint.

    **C.    ISSUES RESOLVED:**

The parties agree that venue is proper in this Court. However, Defendant disputes that Plaintiffs have standing to pursue their claims and therefore disputes the Court's jurisdiction.

    **D.    ISSUES STILL IN DISPUTE:**

    1) Whether Plaintiffs have standing to pursue their claims.

    2) Whether TVA's Final EIS complies with NEPA.

    **F.    CASE RESOLUTION PLAN AND JOINT STATUS REPORT:**

Pursuant to Local Rule 16.02, the parties discussed alternative dispute resolution and agree that this case is not well suited to resolution in that process. However, The parties are encouraged to make settlement efforts throughout the pendency of this case, including to consider the alternative dispute resolution options provided in Local Rule 16.02 through 16.05, and must make at least one **substantive** attempt at resolution. By no later than **March 29, 2024**, the parties must file a joint case resolution status report confirming their substantive attempt at settlement.[2] The parties must have exchanged enough information by this date to substantively evaluate and discuss settlement. The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their

---

[2] The parties' attention is directed to this provision, which may have been inadvertently overlooked for discussion during the initial case management conference.

work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **That discovery may be ongoing or a dispositive motion may be pending does not relieve the parties of their compulsory obligations under this case resolution plan.**

H. **MOTIONS TO AMEND OR TO ADD PARTIES:**

Any motion to amend or to add parties must be filed by no later than **January 12, 2024** and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion. Amendments or addition of parties by written consent under Fed. R. Civ. P. 15(a)(2) must be filed by the deadline for amendment motions and must clearly and conspicuously state that the amended pleading is filed by written consent. Failure to clearly and conspicuously provide notice of the consent filing may result in the amended pleading being stricken.

J. **NEXT STATUS CONFERENCE:**

No further status conference is set as a matter of routine. The parties and their counsel are reminded of their responsibility to prepare this case according to the schedule in this order, as may be amended. Failure to do so may result in any of the remedies authorized by Fed. R. Civ.

P. 16(f). The Court will not provide reminders of scheduling deadlines and will not otherwise prompt the parties to give attention to this case. The parties may request that a status conference be set by filing a joint motion for a status conference, which must identify all issues to be discussed. If the purpose of the requested conference is to discuss extending scheduling deadlines, the motion must comply with the requirements for modifications of the scheduling order as instructed below. The parties must also state whether they request an in-person or telephonic status conference.

K.     **ADMINISTRATIVE RECORD:**

TVA must file the AR on or before **December 15, 2023** and provide a separate electronic copy to Plaintiffs' counsel. The Court's electronic filing procedures contemplate and provide for voluminous documents. See, for instance, Administrative Order 167-1, Amended Practices and Procedures for Electronic Case Filing (ECF), Section 5.02 and CM/ECF User Manual, both of which are available on the Court's website under the link to "CM/ECF Information". Nevertheless, if TVA contends that electronic filing of the AR is problematic, including because of the size or contents of the AR, TVA may, **prior to December 15, 2023**, file an appropriate motion for relief from the electronic filing requirement, with an alternative proposal for submission of the AR.

Upon filing of the AR, TVA must separately send a DVD(s) containing the AR to Plaintiffs' via FedEx.

The electronic records contained in the AR shall be produced in a PDF format, except for Excel files which shall be produced in native format with appropriate privacy protections, such as limiting spreadsheets to "read only" mode with password protection. If there are file types the legibility or functionality of which may be impaired by production in a PDF format, the parties

shall meet and confer to discuss producing such documents in an alternative format that does not impair legibility or functionality.

By no later than **January 29, 2024**, Plaintiffs must present any disputes concerning the scope and content of the AR to TVA. Counsel for the parties must confer in good faith to resolve any disputes. The good faith conference must either be in person or by videoconference. If the parties are unable to resolve the dispute(s), Plaintiffs must file any motion to complete or supplement the AR by no later than **February 13, 2024**. Such motion must be filed and briefed in accordance with Local Rule 7.01.

L.  **CROSS MOTIONS FOR SUMMARY JUDGMENT:** The parties anticipate that this case will be resolved on cross motions for summary judgment.

**Plaintiffs' Motion for Summary Judgment:** By no later than **April 19, 2024**, Plaintiffs must file their motion for summary judgment. Plaintiffs' motion shall not exceed forty (40) pages.

**TVA's Combined Motion for Summary Judgment and Response in Opposition to Plaintiffs' Summary Judgment Motion**: By no later than **May 31, 2024**, TVA must file its combined motion for summary judgment and response in opposition to Plaintiffs' motion for summary judgment. The memorandum in support of TVA's combined motion for summary judgment and response to Plaintiffs' motion for summary judgment shall not exceed forty-five (45) pages.

**Plaintiffs' Combined Response in Opposition and Reply in Support:** By no later than June 28, 2024, Plaintiffs must file their combined response in opposition to TVA's motion for summary judgment, which may include an optional reply in support of their motion for summary judgment. Plaintiffs' responsive filing shall not exceed twenty (20) pages.

**TVA's Reply in Support of TVA's Motion for Summary Judgment:** TVA may file an optional reply in support of its motion for summary judgment, which shall not exceed 10 pages.[3]

Because the scope of review is "the whole record or those parts of it cited by a party," 5 U.S.C. § 706, there shall be no separate statements of undisputed material facts filed in conjunction with either parties' motion for summary judgment. No other filings in support of or in opposition to the summary judgment motions shall be filed without the permission of the Honorable Eli J. Richardson, District Judge.

**Request for Oral Argument:** If a party requests oral argument for the cross motions for summary judgment, the moving party must file a separate motion for oral argument, which must be filed by no later than July 26, 2024, and must include a statement explaining why oral argument is warranted. The motion for oral argument must comply with Local Rule 7.01(a)(1) and the motion is limited to 2 pages (exclusive of case caption, signature, and certificate of service). However, because the determination of whether to allow oral argument is with the Court's discretion and authority to manage its own dockets, a supporting memorandum of law is not required. Any response to the motion for oral argument must be filed **within 7 days** of the filing of the motion and is limited to 2 pages (exclusive of case caption, signature, and certificate of service). Absent a responsive filing, the motion for oral argument will be deemed to be unopposed.

M.     **MODIFICATION OF SCHEDULING ORDER:**

Any motion to modify the scheduling order or any scheduling deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has

---

[3] The Court modified the parties' proposed page limit for TVA's optional reply.

8

Case 3:23-cv-00604    Document 23    Filed 09/19/23    Page 8 of 9 PageID #: 302

discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion. Motions for extensions must also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4). Failure to do so may result in denial of the requested extension.

    It is so **ORDERED.**

_____
**BARBARA D. HOLMES**
United States Magistrate Judge